IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| v. | § | No. 3:21-cr-00251-N-2 |
| | § | |
| ELI LUJANO MEDINA | § | |
| | § | |
| | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is defendant Eli Lujano Medina's "Motion to Enforce this Court's Order of January 12, 2024" (motion). Crim. Doc. 130. For the following reasons, the motion is **DENIED**, and construed as seeking habeas relief, it is **DISMISSED** without prejudice.

I.

Defendant filed a motion in his criminal case asserting that the Bureau of Prisons (BOP) was refusing to honor this Court's January 12, 2024 Order reducing his sentence from 96 months to 78 months under 18 U.S.C. § 3582(c)(2) and Amendments 821 and 825 to the Federal Sentencing Guidelines. *See generally* Crim. Doc. 130.

A few months after filing the motion, Defendant was released from BOP custody. *See* www.bop.gov/inmateloc/ (last visited March 13, 2026) (search for Defendant's BOP number).

II.

The proper method for challenging the execution of a sentence and for contesting the calculation of a sentence by the BOP is through a habeas corpus petition under 28

1

U.S.C. § 2241. *See Braden v. 30th Jud. Cir. Ctr. of Kentucky*, 410 U.S. 484, 494-95 (1973); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *see also Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration.").

So here, Defendant's motion seeking enforcement of his sentence sounds in habeas, and the Court will liberally construe the motion as a habeas petition under 28 U.S.C. § 2241. *See Rice v. Cockerell*, 2024 WL 385701, at *1 (N.D. Tex. Feb. 1, 2024) ("The court is not bound by the caption or title of a pro se pleading and must instead look to its substance.") (collecting cases); *see also United States v. Romero-Soto*, 85 F.3d 622, 1996 WL 255047, at *1 (5th Cir. 1996) ("Because Romero-Soto was challenging the execution of his sentence, his motion was properly construed as a 28 U.S.C. § 2241 petition.") (citation omitted).

But, because Defendant was recently released from BOP custody, and because he only challenges the length of his sentence—not the validity of his conviction—his motion, liberally construed as a § 2241 petition, is moot and will be dismissed without prejudice. *See Maci v. Hable*, 2020 WL 4480869, at *3 (S.D. Tex. July 9, 2020) ("Where a habeas action solely challenges the length of incarceration and the petitioner is released and no longer in custody, the petition is rendered moot.") (citing *Lane v. Williams*, 455 U.S. 624, 631 (1982)).

III.

Because Defendant has been released from BOP custody, the Court lacks jurisdiction to consider his challenge to the BOP's execution of his sentence. Thus,

Defendant's "Motion to Enforce this Court's Order of January 12, 2024" (Crim. Doc. 130) is **DENIED**, and, construed as an application for federal habeas relief under 28 U.S.C. § 2241, it is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

The clerk of the court is **instructed** to (1) open for indexing purposes a new habeas corpus action under 28 U.S.C. § 2241 (nature of suit) against the Warden of BOP Forrest City FCI Low (which appears to be where Defendant was most recently confined), (2) directly assign the new case to the district judge and magistrate judge in the criminal case, and (3) close the same on the basis of this order. The clerk of the court will file a copy of this order and Defendant's motion in the new action.

SO ORDERED this 27th day of March, 2026.

DAVID C. GODBEY
UNITED STATES DISTRICT JUDGE

3